**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X

TAMARA DEVINE,

Plaintiff,

-against-

THE CITY OF NEW YORK, a municipal entity;
WILLIAM DE BLASIO, Mayor of the City of New
York; WILLIAM BRATTON, New York City Police
Commissioner; JAMES O'NEILL, New York City
Police Chief of Department; New York City Police
Officer JANE DOE 1, New York City Police Officer
JANE DOE 2; New York City Police Supervisors and
Commanders RICHARD and RACHEL ROEs 1-5;
New York City Police Officers JAMES and JULIE
DOES 1-5; individually and in their official capacities,
jointly and severally, (the names Jane Doe, Richard
and Rachel Roe and James and Julie Doe, being
fictitious, as the true names of these defendants are
presently unknown),

Defendants.

-------------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

**PRELIMINARY STATEMENT**

1.     Plaintiff Tamara Devine brings this action for compensatory damages, punitive damages, attorney's fees, and costs pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, and Fourteenth Amendments of the United States Constitution, for violations of her civil rights, as said rights are secured by said statutes and the Constitution of the United States and the statutes and the Constitution of the State of New York.

2.     It is alleged that individual police officer defendants conducted unconstitutional searches of plaintiff for the sole purpose of assigning her a gender based on anatomical features, improperly discriminated against her based

on gender, gender identity and sexual orientation, and held her under dangerous and unreasonable conditions of confinement, in clear violation of her rights under the 4th and 14th Amendments of the United States Constitution, federal and New York State Law, and New York City Police Department policies.

3.      The defendants in this action, THE CITY OF NEW YORK, a municipal entity; BILL DE BLASIO, Mayor of the City of New York; WILLIAM BRATTON, New York City Police Commissioner; JAMES O'NEILL, Chief of Department, New York City Police Department; New York City Police Officer JANE DOE 1, who subjected plaintiff to an unlawful and unconstitutional strip search and visual cavity search at the 40th precinct of the New York City Police Department; New York City Police Officer JANE DOE 2, who subjected plaintiff to an unlawful and unconstitutional search and illegally, unconstitutionally, unjustifiably and discriminatorily placed plaintiff in a cell with men for the duration of her detention at the Bronx Central Booking facility of the New York City Police Department, causing plaintiff to fear for her safety and to suffer embarrassment, humiliation and ridicule; New York City Police Supervisors and Commanders RICHARD and RACHEL ROEs 1-5; New York City Police Officers JAMES and JULIE DOES 1-5, (the names Jane Doe, Richard and Rachel Roes, and James and July Does being fictitious, as the true names of these defendants are presently unknown), individually and in their official capacities, jointly and severally, ordered, implemented, enforced, encouraged, sanctioned and/or ratified the actions of JANE DOE 1 and JANE DOE 2 and/or policies, practices, and/or customs of the New York City Police Department to subject transgender arrestees to unconstitutional and unlawful discrimination, unconstitutional

searches, and dangerous and unconstitutional conditions of confinement in violation of their rights under the Fourth Amendment of the U.S. Constitution, the Equal Protection Clause of the Fourteenth Amendment of the U.S. Constitution, federal and New York State Law, and the written policies of the New York City Police Department.

4.     Plaintiff seeks (i) compensatory damages for the injuries caused by defendants' unlawful conduct; (ii) punitive damages assessed against the individual defendants to deter such intentional or reckless deviations from well-settled constitutional law; (iii) an award of attorneys' fees and costs; (iv) a declaratory judgment that the policies, practices and/or customs described herein violate the Fourth and Fourteenth Amendments; and (v) such other relief as this Court deems equitable and just.

## JURISDICTION

5.     This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

6.     Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343 (3) and (4), as this action seeks redress for violation of plaintiff's constitutional, civil, statutory, and common law rights.

7.     Plaintiff's claims for declaratory relief are authorized by 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

**VENUE**

8.     Venue is properly laid in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391 (a), (b) and (c).

**JURY DEMAND**

9.     Plaintiff respectfully demands a trial by jury of all issues in this action and on each and every one of his damage claims, pursuant to Federal Rule of Civil Procedure 38(b).

**PARTIES**

10.     Plaintiff TAMARA DEVINE is a transgender woman who is, and was at all relevant times, a resident of New York City.

11.     Defendant the CITY OF NEW YORK ("the City") was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

12.     Defendant the CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, the CITY OF NEW YORK.

13.     Defendant WILLIAM DE BLASIO is and was the Mayor of the City of New York at all relevant times, and the chief policy making official for the City and its departments, including the New York City Police Department ("NYPD"), and was responsible, in whole and/or in part, for the creation, implementation,

promulgation and enforcement of the policies, practices and/or customs complained of herein. He is sued in his individual and official capacity.

14.     Defendant WILLIAM BRATTON was at all times relevant herein, the Police Commissioner for the City of New York, and he was responsible, in whole and/or in part, for the creation, implementation, promulgation and enforcement of the policies, practices and/or customs complained of herein. He is sued in his individual and official capacity.

15.     Defendant JAMES O'NEILL was at all times relevant herein, the Chief of Department of the NYPD, and he was responsible, in whole and/or in part, for the creation, implementation, promulgation and enforcement of the policies, practices and/or customs complained of herein. He is sued individually and in his official capacity.

16.     New York City Police Officer JANE DOE 1, was at all times relevant here a Police Officer in the New York City Police Department, who subjected plaintiff to an unlawful and unconstitutional strip search and visual body cavity search for the sole impermissible purpose of assigning plaintiff a gender based on her anatomical features at the 40th precinct of the New York City Police Department, causing plaintiff to suffer embarrassment, humiliation and ridicule. She is sued individually and in her official capacity.

17.     New York City Police Officer JANE DOE 2 was at all times relevant here a Police Officer in the New York City Police Department who subjected plaintiff to a second unlawful, unconstitutional, intrusive and invasive search for the sole impermissible purpose of assigning plaintiff a gender based on her

anatomical features, causing plaintiff to suffer embarrassment, humiliation and ridicule. She is sued individually and in her official capacity.

18.     New York City Police Officers JANE DOE 1, who subjected plaintiff to an unlawful and unconstitutional strip search and visual cavity search at the 40th precinct of the New York City Police Department; JANE DOE 2, who subjected plaintiff to an unlawful and unconstitutional search and illegally, unconstitutionally, unjustifiably and discriminatorily placed plaintiff in a cell with men for the duration of her detention at the Bronx Central Booking facility of the New York City Police Department; New York City Police Supervisors and Commanders RICHARD and RACHEL ROEs 1-5; and New York City Police Officers JAMES and JULIE DOEs 1-5, are NYPD Command and Police Officers who were involved in the unlawful search and detention of the plaintiff, and all of the actions and conduct associated therewith, including, *inter alia*, the discriminatory, harassing and unlawful conditions of detention to which plaintiff was subjected, and the implementation of the challenged policies and practices in question herein, and/or actually discriminated against, searched, harassed, and/or unreasonably detained the plaintiff, all without probable cause or lawful justification or privilege, and who implemented the policies, practices, and procedures referenced herein, or failed to intervene to prevent violations of plaintiff's constitutional rights. They are sued individually and in their official capacities.

19.     Upon information and belief, defendants De BLASIO, BRATTON, O'NEILL, and RICHARD AND RACHEL ROEs were personally involved in formulating and/or implementing the policies and procedures that resulted in

plaintiff's unlawful search and the unreasonable, unnecessary, discriminatory and unconstitutional conditions of her confinement.

20.     Defendants DE BLASIO, BRATTON, O'NEILL, New York City Police Officer JANE DOE 1, New York City Police Officer JANE DOE 2; RICHARD and RACHEL ROEs 1-5; and New York City Police Officers JAMES and JULIE DOEs 1-5 are duly sworn, appointed, or acting officers and/or employees and/or agents of the City of New York. They include the individuals who directed and/or authorized unreasonable and unconstitutional searches of plaintiff; dangerous, unsafe and unreasonable placement of plaintiff while held in the custody of the New York City Police Department; and unconstitutional discrimination against plaintiff; and/or actually searched, discriminated against, and/or unreasonably detained the plaintiff, all without probable cause, lawful justification, privilege or consent, and who implemented the policies, practices, and procedures referenced herein to unreasonably detain and search the plaintiff.

21.     At all times relevant herein, defendants DE BLASIO, BRATTON, O'NEILL; New York City Police Officer JANE DOE 1, New York City Police Officer JANE DOE 2, RICHARD and RACHEL ROEs, JAMES and JULIE DOEs, either personally or through their subordinates, acted under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or the City of New York.

22.     Each and all of the acts of the defendants alleged herein were undertaken by said defendants while acting in the course and scope of their duties and functions as agents, employees, and officers of the CITY OF NEW YORK and/or the NYPD when engaging in the conduct described herein.

23.     At all times relevant herein, defendants acted for and on behalf of the CITY OF NEW YORK and/or the New York City Police Department, in furtherance of their employment by defendant the CITY OF NEW YORK, with the power and authority vested in them as officers, agents and employees of the City and/or the NYPD and/or incidentally to the lawful pursuit of their duties as officers, employees and agents of the City and/or the NYPD.

24.     At all times relevant herein, defendants DE BLASIO, BRATTON, O'NEILL; New York City Police Officer JANE DOE 1; New York City Police Officer JANE DOE 2; RICHARD and RACHEL ROEs, JAMES and JULIE DOEs, violated clearly established constitutional standards under the Fourth and Fourteenth Amendments to the U.S. Constitution of which a reasonable police officer and/or public official under their respective circumstances would have known.

## FACTUAL ALLEGATIONS

25.     On or about Thursday, May 28th, 2015, Plaintiff was arrested on the stoop outside her home in New York City and transported to the 40th Precinct by arresting officers.

26.     Shortly after she was brought to the 40th precinct, plaintiff was placed in a cell by herself. A man who had been arrested shortly after her and transported with her to the precinct was placed in the cell next to the one plaintiff was placed in.

27.     Shortly thereafter, JANE DOE 1 removed Ms. Devine to another room in the 40th precinct and instructed her to remove her shoes and socks, pull down her pants and underwear, turn away from the officer, spread her legs,

squat, and bend over such that her anal and genital area were visible to the officer.

28.     Upon information and belief, the man transported to the precinct with plaintiff was not subject to a search of this nature.

29.     Immediately following the search, JANE DOE 1 asked plaintiff for her "real name." Plaintiff responded that her name was Tamara Devine, the name listed on her municipal benefit identification card.

30.     Plaintiff was subsequently placed in a holding pen with other women.

31.     Plaintiff was subsequently transported with other arrestees to the Bronx Central Booking facility for arraignment. She went through the metal detectors without incident.

32.     Upon information and belief, other women who were transported to the Bronx Central Booking facility with plaintiff who went through the metal detector in front of plaintiff were subsequently taken to see an EMT and then placed in holding cells with other women without being subjected to any additional searches.

33.     Plaintiff heard defendant JANE DOE 2 ask another officer if plaintiff was "male or female." The officer responded that they "didn't know." Defendant JANE DOE 2 then ordered plaintiff to spread her legs far apart, and proceeded to subject plaintiff to search during which she repeatedly directly touched plaintiff's genital area. When plaintiff protested defendant JANE DOE 2's actions, defendant JANE DOE 2 said "I didn't know, the guy said you were a man," clearly indicating that JANE DOE 2 conducted the search for the sole,

discriminatory unlawful, and unconstitutional purpose of assigning plaintiff a gender based on anatomical features.

34.    Upon information and belief, no other women processed ahead of plaintiff were subject to a search of their genital areas.

35.    Defendant JANE DOE 2 subsequently told plaintiff "you're a man and you're going in there with them," and placed Ms. Devine in a holding cell overnight with men, placing her at significant risk of harm and in fear for her safety, and subjecting her to constant harassment and ridicule by the men with whom she was forced to share a cell.

36.    At no time had plaintiff raised any concerns regarding her placement with other women at the 40th precinct, and the women she was detained with raised no concerns about the fact that she was detained with them. At no time prior to her placement in a cell with men did plaintiff or any person she was held with raise any safety concerns whatsoever.

37.    Plaintiff vigorously protested her placement with men at the Bronx Central Booking facility to defendant JANE DOE 2 and to officers stationed near the cell in which she was being held with men throughout the time she was detained at Bronx Central Booking up until she was arraigned.

38.    Throughout the time she was held in a cell with men at Bronx Central Booking, men held in the cell with Ms. Devine repeatedly referred to her using slurs such as  "homo" and "mook," insisted that she be removed from the cell, and engaged in harassing and threatening behavior toward her, placing her in reasonable fear for her safety.

39.    Upon information and belief, no other female arrestees held at the Bronx Central Booking facility during the period of plaintiff's detention were subjected to searches of their genitals or held with men.

40.    Plaintiff was subjected to these discriminatory, unlawful and unreasonable conditions of confinement at the direction and/or under the supervision of supervisors RICHARD and RACHEL ROEs who were acting pursuant to a *de facto* practice or custom of the NYPD to subject transgender arrestees to discriminatory treatment and unreasonable conditions of confinement, including unlawful and intrusive searches to assign gender based on anatomical features and dangerous placement with individuals who pose a threat to their safety, to which nontransgender arrestees are not subjected.

41.    As a direct and proximate result of defendants' actions pursuant to wrongful policies, practices, customs and/or usages complained of herein, plaintiff has suffered, *inter alia*, violation of her right to privacy, mental and emotional anguish, suffering, humiliation and embarrassment, and deprivation of her constitutional rights.

### DEFENDANTS' POLICIES, CUSTOMS, AND PRACTICES

**Defendants' Policy, Custom or Practice of permitting widespread discrimination against, unconstitutional and unlawful searches of , and dangerous and unreasonable conditions of detention of transgender detainees**

42.    Upon information and belief, defendants CITY OF NEW YORK, DE BLASIO, BRATTON, O'NEILL, and ROEs 1-5 engaged in policies, practices or customs which enabled, acquiesced to, or encouraged willful discrimination against transgender arrestees based on gender, gender identity and sexual

orientation, as well as unlawful and invasive searches in the absence of individualized suspicion that they are concealing weapons or contraband, for the sole and unlawful and impermissible purpose of assigning a gender based on anatomical features, and dangerous and unreasonable conditions of confinement of transgender arrestees and detainees, by NYPD officers.

43.    As a result, a substantial number of transgender people, including plaintiff, have been subjected to unconstitutional discrimination, unlawful and unconstitutional searches, and unconstitutional and dangerous conditions of confinement on the basis of gender, gender identity, sexual orientation, and transgender status by NYPD officers.

44.    Upon information and belief, defendants CITY OF NEW YORK, DE BLASIO, BRATTON, O'NEILL, RICHARD and RACHEL ROEs, JANE DOE 1, JANE DOE 2 and JAMES and JULIE DOEs were aware of, observed, and/or participated in this conduct and developed, implemented and/or enforced a custom, policy, or practice of enabling, acquiescing, or willfully turning a blind eye to it, failing to intervene, and failing to train, supervise, or discipline officers engaged in such misconduct.

45.    Upon information and belief, defendants CITY OF NEW YORK, DE BLASIO, BRATTON, O'NEILL, and RICHARD ROEs have adopted, implemented and/or enforced a policy, practice or custom of subjecting transgender individuals to discrimination based on gender, gender identity, and sexual orientation, unconstitutional and unlawful searches, and unreasonable and dangerous conditions of detention, including, but not limited to, unlawful searches, strip searches, and visual cavity searches in the absence of

individualized suspicion that they are concealing weapons or contraband, conducted for the sole, impermissible and unconstitutional purpose of assigning a gender based on anatomical features, and dangerous and unreasonable placement in NYPD custody.

46.   Since at least 2001, members of the NYPD chain of command, including Defendants BRATTON and, upon information and belief, O'NEILL, had received complaints and were aware that transgender and gender non-conforming people continued to be routinely subjected to discriminatory treatment based on gender, gender identity, sexual orientation and transgender status, including being subjected to discriminatory, unlawful, intrusive and unconstitutional searches performed in the absence of individualized suspicion that they are concealing weapons or contraband, for the impermissible purpose of assigning a gender based on anatomical features, and discriminatorily being held in dangerous, unreasonable conditions of confinement in sex-segregated NYPD holding facilities, and that these practices served to violate the rights of and harm transgender people and single them out for harassment and ridicule. Despite these defendants' awareness of these practices, and the adoption of written policies in 2012 expressly prohibiting such conduct that were intended to eliminate these violations of the rights of transgender people, they failed to take sufficient measures to prevent these practices from continuing, to ensure that NYPD officers' daily practice conformed to written policy, and to punish NYPD officers who continued to violate these policies and the rights of transgender people.

47.     According to "*Stonewalled:  Police Abuse and Misconduct Against Lesbian, Gay, Bisexual and Transgender People in the U.S.*" (Amnesty International 2005), numerous transgender individuals detained by the NYPD have alleged that they have been subjected to discrimination based on gender, gender identity, sexual orientation and transgender status, including unlawful, intrusive and degrading searches performed by NYPD officers including, but not limited to, unnecessary and inappropriate touching or squeezing of their chest and genital areas, as well as partial and full strip searches, performed in the absence of individualized suspicion that they were concealing weapons or contraband, for the express purpose of assigning a gender based on anatomical features, and subjected to unlawful, humiliating, painful and dangerous conditions of confinement, including, but not limited to, being held with individuals who pose a risk to their safety while in NYPD custody.

48.     Since that time, the City has repeatedly been placed on notice of a widespread pattern and practice of subjecting transgender arrestees to discriminatory treatment based on gender, gender identity, sexual orientation and transgender status, unlawful and intrusive searches, and dangerous and unconditional conditions of confinement through litigation, including, but not limited to, *Tikkun v. City of New York*, 05cv9901; *Bunim v. City of New York, et al.*, 05cv1562; *Lopez v. City of New York, et al.*, 08cv3311; *Lamot v. City of New York et al.*, 08cv5300; *Mavilia v. City of New York, et al.*, 10cv0617, *Combs v. City of New York, et al.*, 11cv3831; *Adkins v. City of New York, et al.*, 14cv7519.

49.     Plaintiff, a transgender woman, was, pursuant to such policies, practices, and/or customs, subjected to discriminatory and unlawful searches by

Defendants JANE DOE 1 and JANE DOE 2, in the absence of any legal justification or probable cause, and discriminatorily held in dangerous and unreasonable conditions of confinement in a cell with men overnight. Upon information and belief, defendants JANE DOEs, RICHARD or RACHEL ROEs, and/or JAMES and JULIE DOEs either conducted, participated in, or failed to intervene to prevent this discriminatory treatment, these unlawful searches and/or these unconstitutional conditions of confinement.

50.   The policies, practices or custom of defendants CITY OF NEW YORK, DE BLASIO, BRATTON, O'NEILL, and ROEs of subjecting transgender individuals to discrimination based on gender, gender identity, sexual orientation and transgender status, unlawful and unconstitutional searches, and dangerous and unreasonable conditions of confinement violated plaintiff's Fourth and Fourteenth Amendment rights under the United States Constitution and relevant provisions of the New York State Constitution and laws.

51.   In addition to declaratory relief against the defendants' unconstitutional policies and practices, plaintiff seeks compensatory and punitive damages for the emotional harms she suffered which were proximately caused by the defendants' unconstitutional conduct pursuant to these policies, practices and customs, as well as an award of attorneys' fees and costs.

## FEDERAL CAUSES OF ACTION

### First Claim for Relief
### Deprivation of Federal Civil Rights in Violation of 42 U.S.C. § 1983

52.    Plaintiff repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein, and incorporating them by reference.

53.    By implementing, enforcing, encouraging, sanctioning and/or ratifying policies, practices and/or customs permitting widespread and pervasive discrimination against transgender arrestees, unlawful and invasive searches of transgender arrestees in the absence of individualized suspicion that they are concealing weapons or contraband, for the impermissible purpose of assigning a gender based on anatomical features, and directing that transgender arrestees be held under unreasonable and dangerous conditions of confinement, the defendants, acting under pretense and color of state law, in their individual and official capacities, within the scope of their employment, have deprived and will continue to deprive plaintiff of rights, remedies, privileges and immunities guaranteed to every citizen of the United States, in violation of the rights guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983.

54.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

55.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the

customs, usages, practices, and procedures of the City of New York, the New York City Police Department, all under the supervision of ranking officers of said departments.

56.    Defendants, collectively and individually, while acting under the color of state law, engaged in conduct that constituted a custom, usage, practice, or procedure of the respective municipality/authority which is forbidden by the United States.

57.    As a direct and proximate result of the misconduct and abuse of authority described above, plaintiff has suffered injury and damages, including, *inter alia*, violation of the right to the equal protection of laws, the right to privacy and the right to be free of unreasonable search and seizure, resulting in emotional pain and suffering and mental anguish.

### Second Claim for Relief
### Denial of Equal Protection in Violation of 42 U.S.C. § 1983 and the Fourteenth Amendment Based on Gender, Gender Identity, Sexual Orientation and Transgender Status

58.    Plaintiff repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein, and incorporating them by reference.

59.    The conduct of defendants JANE DOE 1, JANE DOE 2, RACHEL and RICHARD ROEs and JULIE AND JAMES DOEs as heretofore described was motivated by animus against Ms. Devine on the basis of gender, gender identity, sexual orientation, and/or transgender status.

60.    Defendants JANE DOE 1, JANE DOE 2, RACHEL and RICHARD ROEs and JAMES and JULIE DOEs above acted with intent to treat plaintiff

disparately on the basis of gender, gender identity, sexual orientation, and/or transgender status.

61.    As a direct and proximate result of the misconduct and abuse of authority described above, plaintiff has suffered injury and damages, including, *inter alia*, emotional and mental pain and suffering, humiliation, mental anguish and emotional distress.

### Third Claim for Relief
### Unlawful Search in Violation of 42 U.S.C. § 1983 and the Fourth Amendment

62.    Plaintiff repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein, and incorporating them by reference.

63.    During her confinement pursuant to the policies and practices described herein, plaintiff was discriminatorily subjected to unreasonable, intrusive, and invasive searches of her person for unlawful purposes in violation of her constitutional rights.

64.    The searches complained of herein were conducted pursuant to unconstitutional policies, customs, practices or usages of the defendants.

65.    In conducting such unlawful searches, defendants violated plaintiff's rights to be free from unreasonable search and seizure and deprived her of rights, remedies, privileges and immunities guaranteed to every citizen of the United States, in violation of the Fourth Amendment to the United States Constitution and 42 U.S.C. 1983.

66.    As a direct and proximate result of the misconduct and abuse of authority described above, plaintiff has suffered injury and damages, including,

*inter alia*, emotional and mental pain and suffering, humiliation, and mental anguish.

**Fourth Claim For Relief**
**Unreasonable Conditions of Confinement Under 42 U.S.C. § 1983**

67.   Plaintiff repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

68.   Plaintiff was subjected to unlawful conditions of confinement including, but not limited to, being discriminatorily placed with men while in NYPD custody, causing her to suffer humiliation and harassment by male arrestees and to fear for her safety, and placing her at significant risk of harm.

69.   As a result of the foregoing, plaintiff sustained, *inter alia*, ridicule, emotional distress, embarrassment, humiliation, and deprivation of her constitutional rights.

**Fifth claim for relief**
**Failure to Intervene in Violation of 42 U.S.C.§ 1983**

70.   Plaintiff repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

71.   Each and every individual defendant had an affirmative duty to intervene on plaintiff's behalf to prevent the violation of her constitutional rights.

72.   The individual defendants failed to intervene on plaintiff's behalf to prevent the violation of her constitutional rights incurred by discriminatory treatment, unconstitutional and unlawful searches and dangerous and

unreasonable conditions of confinement, despite having had a realistic opportunity to do so.

73.   As a result of the aforementioned conduct of the individual defendants, plaintiff's constitutional rights were violated.

## Sixth Claim for Relief
## Municipal Liability Pursuant to 42 U.S.C. § 1983

74.   Plaintiff repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein, and incorporating them by reference.

75.   Defendants, collectively and individually, while acting under color of state law, engaged in conduct that amounted to a custom, usage, practice, procedure or rule of the respective municipality/authority which is forbidden by the Constitution of the United States.

76.   The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department included, but were not limited to, subjecting transgender individuals to unconstitutional discrimination, unconstitutional and unlawful searches, and dangerous and unreasonable conditions of confinement based solely on their gender, gender identity, sexual orientation and/or transgender status.

77.   The foregoing customs, policies, usages, practices, and procedures of the City of New York, and the New York City Police Department demonstrate deliberate indifference to the safety, well-being, and constitutional rights of plaintiff.

78.     The foregoing customs, policies, usages, practices, and procedures of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

79.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff's constitutional rights.

**Seventh Claim for Relief**
**Supervisory Liability For Deprivation of Rights Under the United States Constitution and 42 U.S.C. §§ 1981 and 1983**

80.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

81.      By their conduct in failing to remedy the wrongs committed by employees of THE CITY OF NEW YORK under their supervision; in failing to properly train, supervise, or discipline employees of THE CITY OF NEW YORK under their supervision; and in directing employees under their supervision, defendants BRATTON, O'NEILL, RICHARD and RACHEL ROEs, acting under the color of state law and in their individual and official capacities and within the scope of their employment, caused damage and injury in violation of plaintiff's rights guaranteed under 42 U.S.C. § 1983, and the United States Constitution, including its Fourth, and Fourteenth Amendments.

82.     As a result of the foregoing, plaintiff suffered humiliation, emotional and mental distress, and was otherwise damaged and injured.

## PENDANT STATE CLAIMS

83.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

84.     On or about July 17, 2015, and within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the City of New York, a municipality and the entity that employs defendants, by personal delivery of the notice in duplicate, to the person designated by law as one to whom a summons issued against such party may be delivered in an action in the Supreme Court, a Notice of Claim setting forth all facts and information required under General Municipal Law § 50-e.

85.     At least thirty (30) days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

86.     The City of New York demanded a hearing pursuant to General Municipal Law.

87.     A hearing was held in this matter pursuant to General Municipal law § 50-h on February 4, 2016.

88.     Plaintiff has complied with all conditions precedent to maintaining the instant action.

89.     This action falls within one or more of the exceptions as outlined in C.P.L.R. § 1602.

90.     This action has been commenced within one year and ninety days after the happening of the event upon which the claim is based.

## First Claim For Relief Under New York State Law –
## Assault

91.    Plaintiff repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

92.    Defendants' aforementioned actions placed plaintiff in apprehension of imminent harmful and offensive bodily contact.

93.    As a result of the aforementioned conduct, plaintiff has suffered emotional pain and mental anguish, together with apprehension, fright, embarrassment, humiliation, and shock.

## Second Claim for Relief Under New York State Law –
## Discrimination in Violation of N.Y. CLS Civ. R. § 40-c

94.    Plaintiff repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

95.    Defendants, in the course of the aforementioned conduct, harassed and discriminated against plaintiff on the basis of, *inter alia*, sex, sexual orientation, and disability.

96.    Plaintiff, simultaneous with filing of this Complaint, serves notice of her claim pursuant to N.Y. CLS Civ. R. § 40-c on the Attorney General of the State of New York.

97.    Plaintiff has met all jurisdictional prerequisites for assertion of a claim pursuant to N.Y. CLS Civ. R. § 40-c.

98.    As a result of the aforementioned conduct, plaintiff suffered emotional distress and mental anguish, invasion of privacy, together with embarrassment, humiliation, shock, and fright.

### Third Claim for Relief under New York State Law – Negligent Hiring and Retention

99.    Plaintiff repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

100.    Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the hiring and retention of the aforesaid defendants who authorized, conducted and participated in the arrest of plaintiff.

101.    Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of defendants BRATTON, O'NEILL, JANE DOE 1, JANE DOE 2, JOHN and JULIE DOEs and RICHARD and RACHEL ROEs to engage in the wrongful conduct heretofore alleged in this Complaint.

102.    As a direct and proximate result of the aforementioned conduct, plaintiff suffered emotional distress and mental anguish, and invasion of privacy, together with embarrassment, humiliation, shock, and fright.

### Fourth Claim for Relief under New York State Law – Negligent Training and Supervision

103.    Plaintiff repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

104.    Upon information and belief, the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who authorized, conducted and participated in the arrest of plaintiff.

105.    As a direct and proximate result of the aforementioned conduct, plaintiff suffered emotional distress and mental anguish, and invasion of privacy, together with embarrassment, humiliation, shock, and fright.


106.    All of the foregoing acts by defendants deprived plaintiff of federally protected rights, including, but not limited to, the right:

A.     To receive equal protection under law;

B.     To be free from discrimination based on gender, gender identity, sexual orientation or transgender status;

C.     To be free from unreasonable searches;

D.     To be free from dangerous and unlawful conditions of confinement.

107.    As a direct and proximate result of the policies, practices and customs described above, plaintiff was unlawfully discriminated against, searched and detained, and has suffered injury and damages, including, *inter alia*, emotional and mental pain and suffering and mental anguish, and is entitled to compensatory damages to be determined at trial and punitive damages against the individual defendants to be determined at trial.

**WHEREFORE**, plaintiff respectfully requests that this Court:

A.     Enter a judgment declaring unconstitutional defendants' policies, practices and/or customs of subjecting transgender individuals to discriminatory treatment, including unlawful and invasive searches, and dangerous,

unreasonable and unconstitutional conditions of confinement due solely to their gender, gender identity, sexual orientation and/or transgender status.

B.      Award plaintiff compensatory damages in an amount to be determined at trial.

C.      Award punitive damages against the individual defendants in an amount to be determined at trial.

D.      Award the plaintiff reasonable attorneys' fees and costs.

E.      Grant such other and further relief as this court shall find as appropriate and just.

Dated:          New York, New York
                August 23, 2016


                                        Respectfully submitted,
                                        _____/s/_____
                                        ANDREA J. RITCHIE (AR 2769)
                                        990 President St. 1B Brooklyn, NY 11225
                                        (646) 831-1243